# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**STEVEN FRANCIS D'AMICO,**
**D.O.C. # L58304,**

    **Plaintiff,**

**vs.**                                                            **Case No.  1:22cv250-AW-MAF**

**JENNIFER J. JOHNSON, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

In June 2022, the pro se Plaintiff initiated a civil rights case in the United States District Court for the Middle District of Florida.  ECF No. 1.  There was an unexplained delay in transfer, *see* ECF Nos. 4-5, but the case was eventually received by this Court on October 6, 2022.  ECF No. 6.  An Order was entered on October 11th, noting that Plaintiff had not paid the filing fee for this case nor did he file an in forma pauperis motion at the time of case initiation.  To proceed, Plaintiff was informed that he must do one or the other, and the statutory requirements of 28 U.S.C. § 1915 were

explained to him. ECF No. 8. He was given until November 10, 2022, to comply.

On November 3, 2022, Plaintiff submitted a motion requesting leave to proceed with in forma pauperis status. ECF No. 9. Plaintiff has sufficiently demonstrated that he lacks the ability to pay the $402.00 filing fee for this civil rights action. *Id.* Plaintiff's inmate account statement reveals he has a zero account balance and has not had any money deposited in his account during the past six months. *Id.*

However, Plaintiff's in forma pauperis motion also raises the possibility that Plaintiff is not entitled to proceed with in forma pauperis status pursuant to 28 U.S.C. § 1915(g). Plaintiff's account statement reveals that Plaintiff has a $1,505.00 lien against his inmate account for federal prison litigation and another $2,737.50 lien for state prison litigation. *Id.* at 5. In light thereof, Plaintiff's complaint must be reviewed to determine if Plaintiff has "three strikes" under § 1915(g) and, if so, whether the allegations of the complaint demonstrate "imminent danger."

Notably, because of the delay in transfer, a cursory review of Plaintiff's complaint, ECF No. 1, was made in October. ECF No. 8. Plaintiff was informed that his complaint was "not on the court form as required by

the Local Rules of this Court." ECF No. 8 at 4. Thus, Plaintiff was provided the form used in this Court and directed to submit an amended complaint. *Id.* at 5.

Plaintiff has now simultaneously submitted a first amended complaint, ECF No. 10, a second amended complaint, ECF No. 11, and a motion for an enlargement of time to file an amended complaint, ECF No. 12. Because it appears that the motion was submitted with the two pleadings, the motion is construed as a motion to accept the amended complaint as timely filed.[1] The motion is granted.

Review of two complaints would normally be confined to the last filed. In this case, both complaints were simultaneously filed. ECF Nos. 10-11. Both complaints are titled by Plaintiff as "amended verified complaint and demand for jury trial." ECF No. 10 at 1; ECF No. 11 at 1. Both complaints were signed on the same date. However, they are not identical. The first one docketed has page numbers written in the bottom left corner: 1, 2, 3,

---

[1] The deadline for filing an amended complaint was November 10, 2022, but the pleadings, ECF Nos. 10-11, were not received in this Court until November 16th. At any rate, pursuant to the "prison mailbox rule," a pro se prisoner's document is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 275, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

Case No. 1:22cv250-AW-MAF

etc. ECF No. 10. However, the second one has page numbers written in the corner as: 1 of 46, 2 of 46, etc. ECF No. 11. To be clear, both complaints will not be reviewed. Only the second amended complaint, ECF No. 11, has been reviewed and there are three primary problems.

First, Plaintiff did not use the Court's complaint form in submitting his complaint. Plaintiff was informed that he must use the form which is required by the Local Rules of this Court. See N.D. Fla. Loc. R. 5.7(A) (stating the Court "need not - and ordinarily will not - consider a . . . complaint that is not filed on the proper form"). Plaintiff did not do so. Nevertheless, Plaintiff's second amended complaint has been considered.

One likely reason Plaintiff did not comply with the direction to use the Court's form is because Plaintiff would have been required to disclose his prior litigation history. Plaintiff has not disclosed any other previously filed cases. Thus, the Court has undertaken such a review.[2]

Plaintiff is not a stranger to federal court litigation as his in forma pauperis motion demonstrates. Including this case, Plaintiff has filed seventeen cases in the three federal courts in the State of Florida - the

---

[2] In conducting this review, the Court has confirmed that Plaintiff is the same person who filed the cases within this Report and Recommendation by comparing his inmate number - D.O.C. # L58304.

Case No. 1:22cv250-AW-MAF

United States District Court for the Southern District of Florida, the Middle District of Florida, and the Northern District of Florida.[3] All of those cases need not be listed here, it is sufficient to take note of the following cases.

Plaintiff initiated case number 3:13cv400-HEW-TEM in the Middle District of Florida on April 17, 2013. His complaint was dismissed as frivolous on April 26, 2013. ECF Nos. 4-5 of that case. Plaintiff filed an appeal of that dismissal, and the Eleventh Court held that his appeal was frivolous. ECF No. 10 of that case. Plaintiff has two strikes from that case.

Plaintiff initiated case number 4:19cv492-MW-HTC in this Court in October of 2019. The case was dismissed as malicious and for failure to state a claim in January of 2020. ECF Nos. 9-10. Again, Plaintiff appealed that dismissal, and the Eleventh Circuit found his appeal to be frivolous. ECF No. 22 of that case. Accordingly, Plaintiff has at least four strikes under 28 U.S.C. § 1915(e).

One additional dismissal is noteworthy. Plaintiff initiated case number 0:22cv60378-KMM in the Southern District of Florida. The case was dismissed under 28 U.S.C. § 1915(g) because Plaintiff had three

---

[3] To be fair, some of the seventeen cases were initiated in one district and then transferred to another district. Even so, Plaintiff is a frequent filer and is familiar with the rules of court and requirements of litigation.

Case No. 1:22cv250-AW-MAF

strikes. ECF No. 4 of that case. Because that dismissal occurred earlier this year, it demonstrates that Plaintiff is well aware of his three strikes and knows he cannot proceed with in forma pauperis status absent allegations showing he is in imminent danger of serious physical injury. Plaintiff's failure to list his cases and submit his amended complaint on the complaint form must be deemed to be intentional, and malicious. The in forma pauperis statute directs a court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(i). This case could be dismissed for that reason alone.

However, there are also other reasons for dismissal. Plaintiff was advised in the prior Order, ECF No. 8, that 28 U.S.C. § 1915(g) prohibits a prisoner from filing civil lawsuits or appeals without full prepayment of the filing fee if the prisoner has had three prior actions or appeals "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A dismissal on the ground that a prisoner failed to truthfully disclose his prior litigation counts as a "strike" under 28 U.S.C. § 1915(g) for abuse of the judicial process. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); Redmon v. Lake Cnty. Sheriff's

Office, 414 F. App'x 221, 225 (11th Cir. 2011); Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008) (explaining "that a dismissal based on a petitioner's abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious: 'dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).'")(quoting Rivera)). Furthermore, a case dismissed for failure to state a claim counts as a strike, whether or not it was dismissed with, or without, prejudice. Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727, 207 L. Ed. 2d 132 (2020). Here, Plaintiff has had at least four cases dismissed for reasons which count as strikes under § 1915(g). In light thereof, Plaintiff is not entitled to proceed with in forma pauperis status unless he presents allegations showing that he is in "imminent danger of serious physical injury."

    Plaintiff's second complaint has been reviewed to determine if Plaintiff has presented such allegations. He has not. Instead, Plaintiff is attempting to sue three state court judges: Jennifer J. Johnson, Mark E. Feagle, and Greg S. Parker. ECF No. 11 at 1. The judges are not located with Plaintiff and, thus, Plaintiff is not in imminent danger.

Moreover, Plaintiff is attempting to sue the judges for monetary damages. ECF No. 11 at 33. It is well established that judges are entitled to absolute judicial immunity for actions taken in their capacities as judges (i.e., entering orders in cases before them). That is the basis of Plaintiff's claims against them - that they entered orders and deprived him of his rights. The in forma pauperis statute directs a court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(iii). That provides another reason for dismissal.

Because Plaintiff has "three strikes," he is not entitled to proceed with in forma pauperis status in this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis status, ECF No. 9, should be denied and this case summarily dismissed. Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $402.00 filing fee at the time of case initiation if he wants to proceed with his claims. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being

denied in forma pauperis status." *Id.*   While unnecessary for the purpose of this § 1915(g)dismissal, Plaintiff should be aware that this case could also be dismissed as malicious and for seeking to sue a defendant who is immune from monetary damages.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 9, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $402.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 21, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**